UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                          )<br>            Plaintiff,                       )<br>                                                          )<br>v.                                                     )<br>                                                          )<br>ERIC LEE GUY,                             )<br>                                                          )<br>            Defendant.                   )<br>_____) | Case No. 1:05-cr-163<br><br>Honorable Robert Holmes Bell |

**REPORT AND RECOMMENDATION**

    Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned case on September 23, 2005, after receiving the written consent of defendant and all counsel. At the hearing, defendant Eric Lee Guy entered a plea of guilty to Count One of the First Superseding Indictment, charging defendant with conspiracy to distribute and possess with intent to distribute cocaine base, cocaine, heroin and marijuana, in violation of 21 U.S.C, §§ 846, and 841(a)(1), in exchange for the undertakings made by the government in the written plea agreement. On the basis of the record made at the hearing, I find that defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, apart from the promises in the plea agreement; that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to Count One of the First Superseding Indictment be accepted, that the court adjudicate defendant guilty, and that the written plea agreement be considered for acceptance at the time of sentencing. It is further recommended that the order setting conditions of defendant's release remain in effect pending sentencing. Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement, determination of defendant's status pending sentencing, and imposition of sentence are specifically reserved for the district judge.

Date: September 23, 2005          /s/ Timothy P. Greeley
                                  TIMOTHY P. GREELEY
                                  United States Magistrate Judge


**NOTICE TO PARTIES**

You have the right to de novo review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).